[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-15151
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-80128-CV-ASG & 04-31886 BKC-SH

IN RE:

DOUGLAS NEIL ZIMMERMAN,

Debtor.

_____

DOUGLAS NEIL ZIMMERMAN,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE,

Defendant-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

**(January 18, 2008)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Debtor-Appellant Douglas Neil Zimmerman appeals a decision of the district court affirming a decision of the bankruptcy court that Appellant's income tax debts for the years 1977 through 1979 were not discharged by his 1996 bankruptcy and are not dischargeable in his 2004 bankruptcy. No reversible error has been shown; we affirm.

The factual context of this matter need only be summarized here; the bankruptcy court's findings of fact are detailed fully in the bankruptcy court's order. Zimmerman filed an adversary proceeding in his 2004 bankruptcy proceeding seeking a determination that his federal income tax liabilities for the years 1977 through 1979 would be dischargeable in the 2004 bankruptcy proceedings. Zimmerman  -- who worked as a certified public accountant at accounting firms during the 1970's and much of the 1980's -- exhibited a pattern of failing to file or late filing of his tax returns. For two of the tax years at issue, Zimmerman failed to file timely his returns; for one year he filed timely but claimed -- incorrectly -- that no tax was due. The 1977 through 1979 tax liabilities that Zimmerman seeks to discharge arose when the IRS disallowed tax shelter deductions claimed on those returns.

In 1996, Zimmerman petitioned for bankruptcy protection under Chapter 7; the discharge order entered on 17 June 1996, discharged $123,418 of federal tax

liabilities for the years 1987 - 1989 and 1991 - 1993. At that time, no outstanding tax liability was listed for tax years 1977 - 1979, and no such liability had been assessed. Upon completion of an audit in 1997, IRS disallowance of tax shelter deductions claimed by Zimmerman on his 1977, 1978 and 1979 returns resulted in a significant understatement of income. The IRS assessed additional taxes for those returns (the "Assessment") and sent Zimmerman a final demand for payment in January 1998. Zimmerman made no payment on this Assessment.

As an initial matter, we note that Zimmerman -- in the complaint he filed to determine dischargeability -- acknowledged that the 1977 through 1979 taxes were owed. Also, Zimmerman stipulated to entry of the bankruptcy court's pretrial order: an order which stated that he owed the taxes resulting from the Assessment. So, we reject Zimmerman's attempt to challenge the underlying tax liability with his claim that the 1996 bankruptcy proceeding discharged the tax liability resulting from the Assessment in 1997.[1]

Whether the tax liability resulting from the 1997 Assessment is dischargeable in the 2004 Chapter 7 proceeding is controlled by section 523 (a)(1)(C), 11 U.S.C. §523(a)(1)(C). As a general matter, Chapter 7 provides a

---

[1]The bankruptcy and district courts also rejected this claim because taxes assessable after the commencement of a bankruptcy proceeding are excepted from discharge under 11 U.S.C. §§523(a)(1)(A) and 507(a)(8)(A)(iii).

debtor discharge from all debts that arose before the filing of the bankruptcy petition. 11 U.S.C. §727(b). Exception to discharge relevant to this appeal is found in section 523(a)(1)(C): tax debts are rendered nondischargeable where the debtor engaged in affirmative acts in an effort to evade or defeat collection of taxes. 11 U.S.C. §523(a)(1)(C); In re: Griffith, 206 F.3d 1389, 1395-96 (11th Cir. 2000). Mere nonpayment of taxes, without more, does not render a tax debt nondischargeable; but affirmative acts constituting a willful attempt to evade or defeat the collection of taxes will result in nondischargeability under section 523(a)(1)(C). Id.

The government bears the burden of establishing nondischargeability by a preponderance of the evidence. See id. at 1396. To invoke section 523(a)(1)(C)'s exception to dischargeability, the government must satisfy two requirements:

> a conduct requirement (that the debtor attempted in any manner to evade or defeat a tax), and a mental state requirement (that the attempt was done willfully). The government satisfies the conduct requirement when it proves the debtor engaged in affirmative acts to avoid payment or collection of taxes either through commission or culpable omission. The mental state requirement -- willfulness -- is satisfied where the government shows that the debtor's attempt to avoid tax liability was done voluntarily, consciously or knowingly, and intentionally. That standard is met where (1) the debtor had a duty under the law, (2) the debtor knew he

4

had that duty, and (3) the debtor voluntarily and intentionally violated that duty.

In re: Jacobs, 490 F.3d 913, 921 (11th Cir. 2007) (internal quotations and citations omitted).

The bankruptcy court's findings of fact chronicle Zimmerman's (1) repeated failures to file timely tax returns;[2] (2) repeated instances in which returns were only secured through collection;[3] (3) multiple petitions for bankruptcy collection (some of which failed to include schedules of assets);[4] (4) enjoyment of significant income and assets which could have paid delinquent taxes but instead were used to finance the lifestyle of Zimmerman and Patricia Montifinese, Zimmerman's long-time girlfriend; (5) repeated intra-family asset transfers and asset transfers to Montifinese; and, more specifically, (6) asset transfers in close temporal proximity to government tax collection attempts. The bankruptcy court concluded that the tax liability from the Assessment should be excepted from discharge because Zimmerman engaged in substantial abuse of the bankruptcy system, attempted to

---

[2]IRS records revealed 13 instances of Zimmerman's failure to file timely returns during the 21-year period 1977 through 1998. Although Zimmerman's recollections challenged the accuracy of the IRS records, he proffered no evidence to support his non-specific recollections.

[3]IRS records showed six instances in which returns were "secured by collection."

[4]The 2004 bankruptcy is the sixth bankruptcy proceeding initiated by Zimmerman; it was filed by Zimmerman two days before Zimmerman was to appear before the IRS -- in response to a civil subpoena -- to provide testimony and documents relating to financial matters from 1997 through 2002.

hide assets from creditors, and willfully attempted to defeat or evade his tax obligations.

We review the bankruptcy court's findings of fact under the clearly erroneous standard, In re Fretz, 244 F.3d 1323, 1326 (11ᵗʰ Cir. 2001); the bankruptcy court's determination whether a debtor willfully attempted to evade or defeat a tax is a question of fact reviewed for clear error. Jacobs, 490 F.3d at 921. Conclusions of law are reviewed de novo. Id.

No clear error has been shown. We accept that mere failure to pay taxes, without more, is not enough to meet the conduct requirement of section 523(a)(1)(C), see Griffith, 206 F.3d at 1395-96. The bankruptcy court's findings establish much more: Zimmerman engaged in repeated affirmative acts to avoid payment or collection of tax. Zimmerman's protestations to the contrary notwithstanding, the conduct requirement imposes no burden on the government to prove fraudulent intent. See Jacobs, 490 F.3d at 924-25 (section 523(a)(1)(C)'s conduct requirement is separate from willfulness requirement and includes no willfulness inquiry). Zimmerman's conduct -- failure to pay taxes knowing they were owed while supporting a lifestyle of oceanfront living and luxury cars, together with very substantial intra-family transfers and transfers to Montifinese for no consideration -- readily satisfies section 523(a)(1)(c)'s conduct requirement.

See Jacobs, 490 F.3d at 927 (failure to pay taxes knowing taxes owed plus titling property in spouse's name, making loans to spouse for no consideration, and enjoying an extravagant lifestyle important factors in rejecting claim of mere failure to pay that would support discharge).

About the willfulness requirement, we conclude also that no clear error was shown. The record amply supports the bankruptcy court's finding that Zimmerman acted willfully and intentionally. Much of Zimmerman's argument on appeal turns on his claim that he did not believe he owed taxes as a result of the Assessment because those taxes were discharged in his 1996 bankruptcy. But this contention is belied by Zimmerman's repeated attempts in later bankruptcy filings to obtain a discharge of this very tax liability and his own contrary admissions and stipulations in this adversary proceeding. Zimmerman's argument that he did not believe he owed taxes for the years 1977 through 1979 was found to be incredible by the trier of fact. Zimmerman, a trained certified public accountant, knew taxes were owing; instead of satisfying this tax obligation, Zimmerman engaged in abusive bankruptcy filings, transferred assets without consideration to defeat tax collection, and enjoyed a lavish lifestyle. The evidence shows Zimmerman acted "voluntarily, consciously or knowingly, and intentionally" for purposes of

7

satisfying section 523(a)(1)(C)'s willfulness requirement.  <u>Fretz</u>, 244 F.3d at 1330; <u>see</u> <u>also</u> <u>Jacobs</u>, 490 F.3d at 927.

We have considered other arguments advanced by Zimmerman; none are meritorious.[5]

**AFFIRMED.**

---

[5]We do not consider whether the statute of limitations -- if raised properly -- would have provided a defense to the Assessment.  Zimmerman initiated this adversary proceeding to determine the dischargeability of the tax debt; instead of raising a legal challenge to the underlying tax liability, Zimmerman stipulated to that liability and sought a declaration of dischargeability.  Zimmerman failed to raise a statute-of-limitations defense before the bankruptcy court; he raised it for the first time on appeal to the district court.  <u>See</u> <u>American Nat'l Bank of Jacksonville v. FDIC</u>, 710 F.2d 1528, 1537 (11th Cir. 1983) (right to advance statute-of-limitations defense waived by party who failed to raise defense in pleadings before trial); <u>Telfair v. First Union Mrtg. Corp</u>., 216 F.3d 1333, 1337 n. 6 (11th Cir. 2000) (arguments raised before district court without first being timely raised before bankruptcy court, will not be considered by court of appeals).  Raised in this context, we decline to consider Zimmerman's statute-of-limitations defense.